NO. 07-06-0407-CR
NO. 07-06-0408-CR
NO. 07-06-0409-CR
NO. 07-06-0410-CR
NO. 07-06-0411-CR
NO. 07-06-0412-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 21, 2007
_____

ELI EDWARDS,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;

NOS: 4294, 4295, 4296, 4297, 4298 & 4299;

HON. STEVEN RAY EMMERT, PRESIDING
_____

*Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Eli Edwards (appellant) appeals his convictions for aggravated robbery and aggravated kidnaping. Via three issues, he contends that the trial court erred by 1) admitting evidence of an extraneous offense, 2) improperly defining the term "abduct" in

the jury charge and 3) entering an order requiring him to serve his six sentences consecutively.  We affirm the judgments as reformed.

## *Background*

Jimmy Maddox (Maddox) was at home with his wife and daughter when two masked men broke through the front door.  The men were armed with shotguns and told the group to lay on the floor.  Thereafter, they were threatened with death, moved to a cellar, and bound with cords.  So too was Maddox asked for money, and he disclosed to his assailants where it could be found.  Eventually, Maddox freed himself and the others in his family. He then noticed his Buick had been taken and called 911.

Eventually, law enforcement officials encountered two individuals driving the Buick and a chase ensued which resulted in the vehicle being abandoned.  A search of the car revealed items taken from the Maddox household plus various weapons.  The next day appellant was captured and arrested for the robbery.

## *Issue One - Extraneous Offense Used to Show Identity*

In his first issue, appellant posits that the trial court erred in admitting evidence of an extraneous offense.  The evidence involved testimony about appellant having taken weapons (shotguns) during a burglary in Oklahoma.  Moreover, appellant was identified as one of the burglars who took the shotguns.  One or more of those very weapons were later found in the Maddox Buick after the robbery and chase.  This was of import to the State because it helped identify appellant as one of the Maddox robbers; again, the robbers wore masks and could not be identified through facial features.  So, in the State's view, evidence about the Oklahoma burglary and who was involved in it helped tie

appellant to the later robbery in Texas. Thus, the evidence allegedly was both relevant and admissible under Texas Rule of Evidence 404(b). We agree and overrule the point.

Finding in the Buick a shotgun appellant stole in Oklahoma has the propensity of linking appellant to the Maddox robbery, given that a shotgun was used in the robbery. More importantly, it cannot be legitimately denied that the identity of the robbers was in issue. Indeed, appellant, through his legal counsel, argued to the trial court that the evidence of identity was very weak. So, the extraneous burglary, in general, and the property taken during it, in particular, was relevant to an element in dispute. And, that the Oklahoma offense may not have involved an act either identical or similar to the Texas crime matters not for the identity between the criminal acts occurring in Oklahoma and Texas were not important. Of import was the identity between the *weapons* taken in Oklahoma, the ones used to rob the Maddox family and the ones later found in the car for the weapons and appellant's tie to them is what identifies him as a robber. Thus, *Page v. State*, 213 S.W.3d 332 (Tex. Crim. App. 2006), a case upon which appellant relies heavily in attempting to show error, is inapposite.

*Page* dealt with an attempt to prove identity through comparing a series of acts. In that situation, one cannot dispute that the acts have to be sufficiently similar to warrant an inference that the person who committed some committed all. Here, however, the acts undertaken during both offenses matter not for the focus lies on the identity between the weapons taken by appellant during one offense and later used at another. So, because evidence of extraneous offenses are admissible to prove identity, TEX. R. EVID. 404(b); *Johnston v. State*, 145 S.W.3d 215, 219 (Tex. Crim. App. 2004), and evidence of the

3

Oklahoma burglary furthered that purpose at bar, we cannot say that the trial court abused its discretion in permitting several witnesses to disclose it at trial.[1] *See Montgomery v. State,* 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (stating that a trial court errs *viz* its decisions to admit evidence when it abuses its discretion and the decision falls outside the zone of reasonable disagreement).

### Issue Two - Jury Charge

In his second issue, appellant contends that the trial court's failure to properly define "abduct" in its jury charge caused him egregious harm. That is, the abstract definition of "abduct" included in the charge differed from the manner in which the term was used in the indictment. However, its description in the application paragraph of the charge was identical to that in the indictment.[2] So, while the definition did not track the indictment, the application paragraph did, and appellant did not object to the circumstance. We overrule the issue.

The record evidence supported appellant's conviction of the offense as described in the indictment. Furthermore, the application paragraph tracked the indictment, and the words in the application paragraph were plain and easily understood. *Medina v. State,* 7

---

[1]Appellant does not raise Texas Rule of Evidence 403.

[2]The trial court charged the jury as follows: "'abduct' means to restrain a person with intent to prevent his/her liberation by using or threatening to use deadly force." So too did it state that "'restrain' means to restrict a person's movements without consent, so as to interfere substantially with the person's liberty, by moving the person from one place to another or by confining the person." Through the application paragraph, it then informed the jury of the following:

> . . . if you find from the evidence beyond a reasonable doubt that on or about the 12th day of March, 2006 in Wheeler County, Texas, [appellant], did then and there, intentionally or knowingly abduct []Maddox, by restricting the movements. . . by confining him, with the intent to prevent [] liberation, secreting or holding [] in a place where [] was not likely to be found, and [appellant] did then and there use or exhibit a deadly weapon, to wit: a gun, during the commission of said offense, . . . .

S.W.2d 633, 640 (Tex. Crim. App. 1999) (holding that where the application paragraph correctly instructs the jury, an error in the abstract instruction is not egregious); *Plata v. State*, 926 S.W.2d 300, 302 (Tex. Crim. App. 1996), *overruled on other grounds*, *Malik v. State*, 953 S.W.2d 234, 239 (Tex. Crim. App. 1997) (holding that reversal is required when an accurate definition in the abstract definition is necessary to implement the application paragraph); *Williams v. State,* No. 01-06-00037-CR, 2007 Tex. App. LEXIS 1158 (Tex. App. –Houston [1st Dist.] February 15, 2007, no pet. h.) (holding that when the application paragraph correctly instructs the jury, a superfluous abstract definition is not egregious). Thus, despite the definition, the jury nevertheless was told in unambiguous language that it could not convict unless it found appellant guilty as charged in the indictment. Given these circumstances, we do not find that appellant was egregiously harmed by the purported error.

### *Issue Three - Order Requiring Sentences to Run Consecutively*

Appellant contends that the trial court erred in entering an order wherein it "stacked" appellant's sentences. In other words, appellant would be required to serve the six sentences consecutively as opposed to concurrently. The State concedes this point and asks us to reform the six judgments. We agree and sustain the issue.

Accordingly, the judgments of the trial court are reformed to delete the accumulation orders. *Robbins v. State*, 914 S. W.2d 582, 584 (Tex. Crim. App. 1996). As reformed, the judgments of the trial court are in all other respects affirmed.


Brian Quinn
Chief Justice


Publish.

5