Affirmed and Memorandum Opinion filed May 29, 2008









Affirmed and Memorandum Opinion filed May 29, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-01031-CR

____________

 

DARRELL GLENN LIVINGSTON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 





 

On Appeal from the 23rd
District Court

Brazoria County, Texas

Trial Court Cause No. 47741

 





 

M E M O R A N D U M   O P I N I O N

A jury convicted appellant Darrell Glenn Livingston of
sexual assault of a child and assessed punishment at fifty years in prison and
a fine of $10,000.  In six issues, appellant complains of error in the
jury charge, legal and factual insufficiency of the evidence, ineffective
assistance of counsel, denial of his right to self-representation,
prosecutorial vindictiveness, and error in using a remote conviction to enhance
his punishment.  We affirm the trial court=s judgment. 

 

I.  Background

M.M., the complainant and appellant=s sixteen year old
niece, testified that during the summer of 2004 she began experimenting with marihuana,
cocaine, and pills.  Appellant would supply her with pills and crack
cocaine in exchange for M.M. showing her breasts to him.  One evening,
appellant took M.M. to get her nails done at a nail salon in Pearland, Texas.  M.M. testified that afterward appellant refused to drive her home unless she Astuck [her] mouth
on his penis.@  After initially arguing with appellant, M.M.
complied.  M.M. testified that when she Adidn=t want to . . .
finish@ with her mouth,
appellant told her to put her bare feet Aon his penis and
finish him off that way,@ which she did.  This occurred around
9:00 p.m. in the parking lot when most of the nearby stores were closed. 
According to M.M., at some point drugs were exchanged for the act.

M.M. testified that some time later she went with appellant
to obtain pills, but she did not remember where they went that weekend because
she was high.  It is not entirely clear from the trial testimony whether
M.M. went with appellant voluntarily or under coercion, but apparently M.M. left
with appellant for the entire weekend.  As a result, someone placed a
phone call to the Pearland police reporting that M.M. was gone and describing
appellant=s truck.  Based on this call, Pearland Police
Officer Jose Guzman identified appellant=s truck and pulled
him over.  After changing his story a couple of times, appellant gave
Officer Guzman an address where he could find M.M.  M.M. initially hid
from the police when they arrived at this address, but she eventually allowed
them to take her back to the police station.  At this point, M.M. told
Pearland Police Officer Cecil Arnold that appellant had forced her to perform
oral sex.  

 

Appellant was charged with intentionally or knowingly
penetrating the mouth of a child under the age of seventeen and not his spouse
with his sexual organ.  The jury returned a guilty verdict.  At
punishment, appellant pleaded true to the enhancement paragraph in the
indictment alleging a 1969 conviction of felony theft.  Appellant also
stipulated to five additional prior convictions for various offenses.  The
jury assessed punishment at fifty years in prison and a $10,000 fine. 
Appellant filed a motion for new trial and an amended motion for new trial, but
the record does not indicate that these motions were presented to the judge or
that a hearing was conducted.

Appellant raises the following six issues on appeal: (1)
the trial court erred by submitting a charge to the jury that erroneously
defined the elements of the offense with which he was charged, (2) the evidence
is legally and factually insufficient to sustain his conviction, (3) he
received ineffective assistance of counsel, (4) he was denied his Sixth
Amendment right to self-representation, (5) amending the indictment to add an
enhancement paragraph after appellant rejected the State=s plea bargain
constituted prosecutorial vindictiveness, and (6) the trial court erred by
allowing the State to enhance appellant=s sentence with a
thirty-six year old conviction.

II.  Legal and Factual Sufficiency

A. 
Standard of Review

In his second issue, appellant contends the evidence is
both legally and factually insufficient to support the jury=s finding that he
committed the offense of sexual assault of a child as charged in the
indictment.  In determining whether legally sufficient evidence supports a
verdict, we ask if, after reviewing the evidence in the light most favorable to
the verdict, a rational trier of fact could have found the essential elements
of the offense beyond a reasonable doubt.  See Jackson v. Virginia,
443 U.S. 307, 319 (1979); King v. State, 895 S.W.2d 701, 703 (Tex. Crim.
App. 1995).  In determining factual sufficiency of the evidence when the
State has the burden of proof, the reviewing court views all the evidence in a
neutral light. See Johnson v. State, 23 S.W.3d 1, 6B7 (Tex. Crim. App. 2000).  We will reverse only if the evidence is so weak that the
finding seems clearly wrong and manifestly unjust, or if after considering
conflicting evidence, the finding, though legally sufficient, is nevertheless
against the great weight and preponderance of the evidence.  See Watson
v. State, 204 S.W.3d 404, 414B15 (Tex. Crim. App. 2006). 

 

B.  Analysis

Appellant claims the evidence is legally and factually
insufficient on several grounds.  We first address his argument that the
evidence is insufficient to support a finding that he penetrated M.M=s mouth, as
alleged in the indictment. 

Section 22.011 of the Texas Penal Code describes two means
by which a person may commit sexual assault of a child.  One method
involves intentionally or knowingly causing the mouth of a child younger than
seventeen to contact the sexual organ of the actor.  Tex. Penal Code Ann. _ 22.011(a)(2)(E) (Vernon Supp. 2007).  The other involves causing the penetration of the child=s mouth by the
actor=s sexual
organ.  Id. _ 22.011(a)(2)(B).  Because section 22.011 is a
conduct-oriented statute, each form of conduct described constitutes a separate
statutory offense.  See Mathonican v. State, 194 S.W.3d 59, 66 (Tex. App.CTexarkana 2006, no
pet.) (holding that section 22.011 of the Texas Penal Code is a conduct‑oriented
statute prohibiting distinct yet very specific acts, with each act proscribed
constituting an independent unit of prosecution).  Appellant claims that
although the indictment alleged that he caused the penetration of M.M.=s mouth with his
sexual organ, at most, the evidence presented at trial supported a finding that
he contacted M.M.=s mouth, an offense with which he was not
charged.  Appellant emphasizes that during voir dire, presentation of the
evidence, and closing argument, the State focused on contact instead of
penetration.  

 

We conclude a reasonable factfinder could have determined,
beyond a reasonable doubt, that appellant penetrated M.M.=s mouth with his
sexual organ.  The State may prove penetration by circumstantial
evidence.  See Villalon v. State, 791 S.W.2d 130, 133 (Tex. Crim.
App. 1990).  The slightest evidence of penetration is sufficient to
uphold a conviction so long as it has been shown beyond a reasonable
doubt.  See Luna v. State, 515 S.W.2d 271, 273 (Tex. Crim. App.
1974).  M.M. testified that in response to appellant=s command, she Astuck@ her Amouth on his
penis.@  Later M.M.
testified she Aput@ her mouth on appellant=s penis.  The
Miriam Webster Dictionary defines Amouth@ as Athe natural
opening through which food passes into the body of an animal and which . . . is
typically bounded externally by the lips . . . .@  The mouth,
therefore, is a hole or cavity.  A reasonable jury could have concluded
that for M.M. to stick her mouth Aon@ appellant=s penis, this
necessitated appellant=s penis entering M.M.=s mouth.  

Moreover, juries are permitted to make reasonable
inferences from the evidence.  Hooper v. State, 214 S.W.3d 9, 14 (Tex. Crim. App. 2007).  They may use their common sense and apply common knowledge,
observation, and experience gained in the ordinary affairs of life when giving
effect to the inferences that may reasonably be drawn from the evidence. 
See Jones v. State, 900 S.W.2d 392, 399 (Tex. App.CSan Antonio 1995,
writ ref=d).  M.M.
testified that appellant told her they Aweren=t going to drive
home unless I stuck my mouth on his penis.@  The
prosecutor asked M.M. if her mouth Acame in contact
with his sexual organ,@ and M.M. said it did.  M.M.
testified the when she Adidn=t want to . . .
finish@ with her mouth,
appellant told her to put her bare feet Aon his penis and
finish him off that way.@  During cross examination, defense
counsel asked M.M., AYou were having oral sex with [appellant]?@ to which M.M.
responded, AIt was - - yes, ma=am.@  Although
M.M. did not specifically use the word Apenetration,@ the victim need
not so testify.  See Villalon, 791 S.W.2d at 133. 
Further, the jury could have reasonably inferred from the evidence that M.M.
performed oral sex on appellant and that during the act appellant=s penis penetrated
M.M.=s mouth.  See
Jones, 900 S.W.2d at 399B400 (holding that
despite lack of direct testimony, evidence was sufficient to support finding of
contact or penetration because jury could infer such from complainant=s testimony that
defendant played Ahorsey@ with her and it
hurt when appellant touched his penis to her behind).  We conclude the
evidence was legally sufficient to support a finding that appellant penetrated
M.M.=s mouth with his
sexual organ.

 

Appellant next contends the State failed to prove beyond a
reasonable doubt the venue, the date of the incident, the complainant=s age, and that
the complainant was not appellant=s wife. 
Evidence of venue is sufficient if the jury may reasonably conclude that the
offense was committed in the county alleged.  Rippee v. State, 384
S.W.2d 717, 718 (Tex. Crim. App. 1964); Sudds v. State, 140 S.W.3d 813,
818 (Tex. App.CHouston [14th Dist.] 2004, no pet.) (applying Rippee
standard).  The Aon or about@ language in the
indictment allows the prosecution to prove a date other than the one alleged in
the indictment, as long as the date proved is prior to the date on which the
indictment was presented and is within the statutory limitation period.  See
Tex. Code Crim. Proc. Ann. art. 21.02(6) (Vernon 1989); Tex. Code Crim. Proc. Ann. art. 12.01(1)(B) (Vernon Supp.
2007) (no time limit for bringing charge for sexual assault under section
22.011(a)(2)); Sledge v. State, 953 S.W.2d 253, 256 (Tex. Crim. App.
1997).  Evidence of a complainant=s age is
sufficient if the complainant testifies she was under the age of seventeen on
the date of the offense.  See Jason v. State, 589 S.W.2d 447, 449
(Tex. Crim. App. 1979).   

M.M. testified that the alleged offense occurred in the
parking lot of a nail shop in Pearland, Texas and that Pearland is located in Brazoria County.  The indictment alleged the offense took place Aon or about the
25th day of August, 2004,@ and M.M. testified that the alleged
offense occurred in the summer of 2004.  M.M. testified that she was
sixteen during the summer of 2004 and that she was under the age of seventeen
at the time of the alleged offense.[1] 
Finally, although M.M. stated appellant sometimes referred to her as his wife,
she also testified that he did this as a joke and that she had never been
married to appellant.  M.M.=s testimony was
sufficient to prove the elements of venue, the date of the incident as alleged
in the indictment, that M.M. was under the age of seventeen, and that M.M. was
not appellant=s wife.  See Tex. Code Crim. Proc. Ann.
art. 21.02(6); Jason, 589 S.W.2d at 449; Sudds, 140 S.W.3d at
818.

 

Finally, appellant claims that because the primary evidence
of his guilt came from the uncorroborated testimony of a complainant who was
not credible, the evidence is insufficient to support a finding of guilt. 
M.M. testified that during the summer of 2004, she was so addicted to drugs that
at times she was unaware of what was going on around her.  Appellant
argues that if M.M. was not aware of the events as they occurred, it is
implausible that she could accurately recall them at trial two years later.

M.M.
testified unequivocally to the details of the alleged offense, that she had
completed a drug treatment program, that she was not using drugs at the time of
the trial, and that she was being honest with the jury regarding what happened
in 2004.  The jury chose to believe M.M.=s testimony, and we decline to
intrude upon the jury=s role as the sole judge of the weight and credibility of
witness testimony.  See Vasquez v. State, 67 S.W.3d 229, 236 (Tex. Crim. App. 2002). 
Moreover, a conviction for sexual assault of a child under section 22.011 of the
Texas Penal Code may be supported by the uncorroborated testimony of the victim
alone, if reported within a year of the offense.  See Tex. Code Crim.
Proc. Ann. art. 38.07(a) (Vernon 2005).  M.M. reported the incident
approximately a month after it occurred. Appellant=s contention that
the evidence was legally and factually insufficient because M.M.=s uncorroborated
testimony lacked credibility is therefore without merit.

Viewing the evidence in a light most favorable to the
verdict, we conclude a rational trier of fact could have found beyond a
reasonable doubt that appellant committed each element of the offense of sexual
assault of a child under the age of seventeen.  See King, 895
S.W.2d at 703.  Viewing the same evidence in a neutral light, we hold that
the proof of guilt was not so obviously weak as to undermine our confidence in
the jury=s determination
and that the proof of appellant=s guilt was not greatly outweighed by
contrary evidence.  See Watson, 204 S.W.3d at 414B15. 
Accordingly, we hold that the evidence was legally and factually sufficient to
support appellant=s conviction for the offense of sexual
assault of a child.  We overrule appellant=s second issue.

III.  The Jury Charge

 

In his first issue, appellant contends the trial court
erred by submitting a jury charge  in which the abstract portion of the
charge included a definition of sexual assault not charged in the
indictment.  Because appellant did not raise this objection at trial, he
must establish that egregious harm arose from the alleged error, that is, that
he was denied a fair trial.  See Medina v. State, 7 S.W.3d 633, 639
(Tex. Crim. App. 1999).  The actual degree of harm must be assayed in
light of the entire jury charge, the state of the evidence, including the contested
issues and weight of probative evidence, the argument of counsel, and any other
relevant information revealed by the record of the trial as a whole.  Almanza
v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984).  Under the Almanza
standard, the record must show that a defendant has suffered actual, rather
than merely theoretical, harm from the jury instruction error.  Ngo v.
State, 175 S.W.3d 738, 750 (Tex. Crim. App. 2005).  Absent a showing
to the contrary, we may presume that the jury acted rationally.  Richardson v. State, 879 S.W.2d 874, 882 (Tex. Crim. App. 1993). 

 

The indictment tracked the language of section
22.011(a)(2)(B) of the Texas Penal Code and charged appellant with Aintentionally or
knowingly caus[ing] the penetration of the mouth of . . . a child
younger than seventeen (17) years of age and not the defendant=s spouse, by the
sexual organ of the defendant.@  Tex.
Penal Code Ann. _ 22.011(a)(2)(B) (emphasis added).  The
application paragraph mirrored the indictment.[2]  However, the
abstract portion of the jury charge defined the proscribed conduct as Aintentionally or
knowingly caus[ing] the actor=s sexual organ to contact the mouth
of a child,@ as defined in section 22.011(a)(2)(E).  Id. _ 22.011(a)(2)(E)
(emphasis added).  According to appellant, this charge error caused
egregious harm because it lessened the State=s burden of proof
and authorized his conviction if the jury found that he only contacted, rather
than penetrated,  M.M.=s mouth.[3]  Appellant claims
the prosecutor=s comments during voir dire and closing argument in
the guilt-innocence phase regarding contact with M.M.=s mouth further
misled the jury to conclude they could find appellant guilty if the evidence
merely proved contact. 

 

We disagree that the purported error was so egregious and
created such harm that appellant was deprived of a fair and impartial
trial.  We have already determined that the weight of the probative
evidence was legally and factually sufficient to support a finding of
penetration.  In addition, despite the language in the abstract section,
the jury charge still correctly informed the jury as to the elements of the
offense.  The application paragraph clearly and properly instructed the
jury that they must find beyond a reasonable doubt that appellant Aintentionally or
knowingly cause[d] the penetration of the mouth of [M.M.]@ before they could
convict.  Where the application paragraph properly instructs the jury, error
in the abstract does not rise to the level of egregious harm.  See
Medina v. State, 7 S.W.3d 633, 640 (Tex. Crim. App. 1999) (holding that
because application paragraph correctly instructed jury, error in abstract
instruction was not egregious); Williams v. State, 226 S.W.3d 611, 618
(Tex. App.CHouston [1st Dist.] 2007, no pet.) (same). 
Finally, the application paragraph tracked the indictment, both of which
limited the offense to penetration.  See Edwards v. State, 228
S.W.3d 450, 454 (Tex. App.CAmarillo 2007, pet. ref=d) (finding no
egregious harm where abstract definition differed from application paragraph of
jury charge, but application paragraph tracked indictment and record supported
conviction).  Although the prosecutor referred to contact rather than
penetration during voir dire and closing argument, the indictment language and
application paragraph restricted the jury=s consideration to
only those allegations contained in the indictment.  Because we conclude a
rational jury would have understood that a finding of penetration was necessary
to convict appellant, we hold that the error in the charge did not deprive
appellant of a fair and impartial trial.  See Almanza, 686 S.W.2d
at 171.  We overrule appellant=s first issue.

IV.  Amendment of the Indictment

In his sixth issue, appellant claims the trial court erred
in allowing the State to amend the indictment to add an old conviction because
it denied appellant equal application of the law, deprived him of the
protection afforded all defendants, and resulted in a punishment range that was
unfair.  In his fifth issue, appellant contends that by adding the
enhancement paragraph, the prosecutors retaliated against him for abandoning
the plea agreement and asserting his constitutional right to trial.  

According to the record, the State filed its Notice of
Enhancement Paragraph on October 14, 2005, informing appellant of the State=s intent to use
his thirty-six year old felony theft conviction to seek an enhanced
sentence.  Almost one year later, on September 18, 2006, appellant entered
a plea agreement with the State.  On September 19, 2006, the State moved
to amend the indictment to add an enhancement paragraph alleging the felony
theft conviction.  The record is unclear as to the precise date, but at some
point between September 18 and 22, appellant withdrew from the plea
agreement.  At a hearing on the State=s Motion to Amend
the Indictment, appellant objected to amending the indictment.  The court
overruled appellant=s objection and granted the State=s motion.

The Texas Court of Criminal Appeals has directly addressed
this issue and held that prior convictions may be used to enhance, no matter
how remote.  See Joles v. State, 563 S.W.2d 619, 621B22 (Tex. Crim.
App. 1978) (holding that a previous DWI conviction could be used for
enhancement purposes, no matter how remote); Hicks v. State, 545 S.W.2d
805, 810 (Tex. Crim. App. 1977) (holding remote convictions may be utilized for
enhancement purposes).  We conclude the trial court did not abuse its
discretion by allowing the State to amend the indictment with an enhancement
paragraph alleging a thirty-six year old conviction.  We overrule
appellant=s sixth issue.

 

Next, in his fifth issue appellant raises a claim of
prosecutorial vindictiveness with respect to the amended indictment. 
Prosecutors have broad discretion in deciding which cases to prosecute.  Neal
v. State, 150 S.W.3d 169, 173 (Tex. Crim. App. 2004).  Courts must
presume that a criminal prosecution is undertaken in good faith and in
nondiscriminatory fashion to fulfill the State=s duty to bring
violators to justice.  Id.  However, a decision to
prosecute violates due process when criminal charges are brought in retaliation
against the defendant for exercising his legal rights.  Id.  Appellant
points to the State=s Motion to Amend the Indictment, filed
the day after he withdrew from the plea agreement, as evidence of the
prosecutors= vindictiveness.  The State argues that because
appellant raises his prosecutorial misconduct claim for the first time on
appeal, he has failed to preserve error with respect to this issue.  We
agree.

Appellant objected to amending the indictment based on the
remoteness of the conviction, the lack of similarity between the offenses, his
youthful age at the time of the older felony theft offense, that under current
laws the offense would likely be a misdemeanor or state jail felony, and that
appellant had no other felony convictions between the prior conviction and
present offense.  At no point did appellant raise an objection on grounds
of prosecutorial misconduct or due process violation.  See Tex. R. App. P. 33.1.  We hold
that because appellant never presented his prosecutorial vindictiveness claim
in the trial court, he failed to preserve this issue for appellate
review.  See id.; Neal, 150 S.W.3d at 180 (holding appellant
waived argument on appeal because he failed to raise prosecutorial misconduct
claim in trial court).  We overrule appellant=s fifth issue.

V.  Ineffective Assistance of Counsel

A. 
Standard of Review

 

In his third issue, appellant claims his trial counsel=s performance fell
below a reasonable professional standard.  Ineffective assistance of
counsel claims are governed by the two‑pronged test announced in Strickland
v. Washington, 466 U.S. 668 (1984).  To prove ineffective assistance,
appellant must show by a preponderance of the evidence (1) that counsel=s representation
was deficient, falling below the standard of prevailing professional norms, and
(2) a reasonable probability that the result of the proceeding would have been
different but for trial counsel=s deficient performance.  Strickland,
466 U.S. at 687B96; Salinas v. State, 163
S.W.3d 734, 740 (Tex. Crim. App. 2005).  A Strickland claim must be
firmly founded in the record, and the record must affirmatively demonstrate the
meritorious nature of the claim.  Goodspeed v. State, 187 S.W.3d
390, 392 (Tex. Crim. App. 2005).  Direct appeal is usually an inadequate
vehicle for raising such a claim because the record is generally undeveloped. 
 Id.  Where counsel=s reasons for
failing to do something do not appear in the record, we review counsel=s conduct with
great deference and without the distorting effects of hindsight.  Id.  Absent an
opportunity for a trial attorney to explain his actions, an appellate court
should not find deficient performance unless the challenged conduct was so
outrageous that no competent attorney would have engaged in it.  Id. 

B.  Analysis

 

Appellant begins by listing several instances when trial
counsel allegedly rendered ineffective assistance.  He claims counsel (1)
failed to formulate a sound trial strategy, (2) failed to be prepared to defend
against other extraneous offenses, (3) made prejudicial statements to the jury,
(4) opened the door to extraneous offenses during cross examination of the
complainant, (5) proved up the complainant=s age when the
prosecution failed to do so, and (6) failed to request an instruction to strike
the testimony of a State witness.  Appellant also alleges counsel failed
to object to (1) prejudicial and incorrect statements during voir dire, (2)
prejudicial and leading questions asked by the prosecution during trial, (3)
amendment of the indictment on grounds of prosecutorial vindictiveness,[4] (4) improper, incorrect,
and prejudicial statements during closing arguments at the guilt-innocence
phase, (5) error in the jury charge, (6) procedural error when the enhancement
paragraph of the indictment was not read at the start of the punishment phase,
and (7) improper and inflammatory questions and comments posed by the
prosecution during the punishment phase.  Finally, appellant claims that
counsel=s trial strategy
was unreasonable, implausible, and unsound.  In support of this argument,
appellant claims counsel (1) attempted to portray the sexual assault as
consensual, despite the fact that a child under the age of seventeen cannot
consent, (2) failed to develop the theory that the complainant was lying about
the offense, (3) failed to adequately prepare for trial by locating witnesses
and preparing appellant to testify, and (4) allowed the prosecution to control
the direction and tempo of the trial, as evidenced by inadmissible and
prejudicial evidence that was admitted without objection.

An appellant=s brief must
contain a clear and concise argument for the contentions made, with appropriate
citations to authorities and to the record.  See Tex. R. App. P. 38.1(h).  When an
appellant fails to make a viable complaint with argument and authorities, the
appellate court is not required to perform an independent review of the record
and applicable law to determine whether the error complained of occurred. 
See Happy Harbor Methodist Home, Inc. v. Cowins, 903 S.W.2d 884, 886
(Tex. App.CHouston [1st Dist.] 1995, no pet.).  Such failure
to adequately brief an issue results in waiver on appeal.  See
Swearingen v. State, 101 S.W.3d 89, 100 (Tex. Crim. App. 2003).  

 

Appellant makes conclusory assertions that the above
conduct was deficient, but he fails to provide any argument or authority
supporting these allegations.  Regarding counsel=s numerous alleged
failures to object, appellant fails to identify the specific objection that
counsel should have made and provide authority in support of his argument that
the objection would have been meritorious.  See Melonson v. State,
942 S.W.2d 777, 782 (Tex. App.CBeaumont 1997, no writ) (overruling claim
of ineffective assistance for failure to object to leading questions because
appellant did not specify objections counsel should have made or provide
supporting legal authority for making those objections).  He also fails to
provide any argument or authority illustrating how counsel=s alleged
deficiencies prejudiced the outcome of the proceedings.  See Ex parte
Martinez, 195 S.W.3d 713, 730 n.14 (Tex. Crim. App. 2006) (noting that
failure to set forth any legal or factual arguments regarding how counsel=s alleged failures
prejudiced appellant authorized court to deny relief based on briefing waiver);
Thomas v. State, No. 14-06-00540-CR, 2008 WL 596228, at *5 (Tex. App.CHouston [14th
Dist.] Mar. 6, 2008, no pet.) (mem. op., not designated for publication)
(overruling ineffective assistance claim, even though facts indicated that
counsel=s performance fell
below prevailing professional norms, because appellant failed to present facts
and legal authority demonstrating prejudice); Bessey v. State, 199
S.W.3d 546, 555 (Tex. App.CTexarkana 2006) (finding briefing waiver
where appellant made no effort to show how record demonstrated prejudice under Strickland=s second prong), aff=d, 239 S.W.3d 809
(Tex. Crim. App. 2007).  Appellant failed to adequately brief these claims
on appeal, thus they are waived.  

 

Even if appellant did adequately brief these arguments, he
has not rebutted the presumption that counsel=s conduct was
motivated by sound trial strategy.  In the absence of direct evidence of
counsel=s reasons for the
challenged conduct, an appellate court will assume a strategic motivation if
any can be imagined.  See Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).  Counsel=s allegedly prejudicial statements may
have been motivated by a reasonable trial strategy to gain credibility with the
jury by admitting the heinous nature of the alleged offense.  See
Turner v. State, 932 S.W.2d 622, 626 (Tex. App.CHouston [14th
Dist.] 1996, no writ) (recognizing attempt to appear open and honest to jury as
a plausible trial strategy).  To show ineffective assistance for failure
to object during trial, appellant must show the trial judge would have
committed error in overruling the objection.  Ex parte White, 160
S.W.3d 46, 53 (Tex. Crim. App. 2004).  Appellant makes no attempt to show
how the objections he claims counsel should have made would have been
meritorious.  Morever, the failure to object can be a valid trial
strategy.  See Thompson v. State, 9 S.W.3d 808, 814 (Tex. Crim.
App. 1999) (finding failure to object not ineffective because counsel may have
reasonably decided an objection was not appropriate); Johnson v. State,
233 S.W.3d 109, 116 (Tex. App.CHouston [14th Dist.] 2007, no pet.)
(presuming, absent a contrary showing in the record, that counsel=s failure to
object to State=s argument was part of a valid, considered
trial strategy); Hernandez v. State, 127 S.W.3d 206, 215 (Tex. App.CHouston [1st
Dist.] 2003, pet. ref=d) (holding decision to not object
to testimony by detective that he thought appellant had lied to him could have
been valid trial strategy); Henderson v. State, 704 S.W.2d 536, 538
(Tex. App.CHouston [14th Dist.] 1986, writ ref=d) (holding that
not objecting to prosecutor=s opening statement could have been trial
strategy and that failure to object to every introduction of improper evidence
or questioning does not indicate ineffective representation).  Finally,
appellant argues that counsel failed to formulate a valid trial strategy. 
However, beyond this general assertion he makes no effort to call our attention
to any evidence counsel could have presented or explain how the strategy could
have been further developed.  This is insufficient to support an ineffective assistance
claim.  See Goodspeed, 187 S.W.3d at 392. 

We hold appellant has not satisfied his burden on appeal of
rebutting the strong presumption that his counsel acted reasonably, nor has he
shown a reasonable probability that but for counsel=s alleged failures
the outcome of the proceeding would have been different.  See
Strickland, 466 U.S. at 687; Green v. State, 191 S.W.3d 888, 895
(Tex. App.CHouston [14th Dist.] 2006, pet. ref=d) (holding that
where record did not illustrate why counsel did not object, appellant failed to
rebut presumption that counsel was effective).  We overrule appellant=s third issue.

VI.  Right to Self-Representation

 

In his fourth issue, appellant claims the trial court
deprived him of his Sixth Amendment right to self-representation by failing to
conduct a hearing and rule on pre-trial motions appellant filed in a pro se
capacity.  The Sixth Amendment guarantees an accused the right to forego
counsel and represent himself.  See Williams v. State, ___ S.W.3d
___, 2008 WL 141910, at *2 (Tex. Crim. App. Jan. 16, 2008).  However, the
right to self‑representation does not attach until it has been clearly
and unequivocally asserted.  See id. 

Appellant filed numerous pre-trial motions, including a
Motion to Dismiss Court-Appointed Counsel, a Motion to Require Defendant to
Assist Counsel in Pro-Se at Every Stage of the Proceedings Herein, and
Defendant=s Continuing Motion for the Trial Court to Make
Specific Rulings on All Defense Motions.  The trial court did not rule on
any of these motions.  Appellant claims that through these motions he
waived his right to counsel and asserted his right to proceed pro se.  The
State contends that appellant failed to preserve error on this issue because
appellant never clearly asserted his desire to represent himself.  The
State further argues that even if appellant did assert this right, he waived it
by proceeding to trial with his court-appointed counsel without
objection.  We agree.

 

In his Motion to Dismiss Court-Appointed Counsel, appellant
asked the trial court to dismiss his court-appointed counsel and appoint new
counsel from a list of three names he provided.  In his Motion to Require
Defendant to Assist Counsel, appellant requested that he be permitted to assist
his counsel Ain a pro-se status at every stage of the trial
proceedings.@[5]  The Motion
for the Trial Court to Make Specific Rulings asked the trial court to rule on
appellant=s other motions.  Nowhere in these motions does
appellant expressly state a desire to proceed solely in a pro se status without
any assistance from an attorney.  We conclude appellant=s motions did not
clearly and unequivocally assert his right to self-representation.  See
Nelson v. State, No. 11‑03‑00235‑CR, 2005 WL 2156630,
at *2B3 (Tex. App.CEastland Sept. 8,
2005, pet. dism=d) (not designated for publication)
(holding that filing a motion to act as co‑counsel does not clearly and
unequivocally assert right to self‑representation); Thomas v. State,
No. 05‑04‑01289‑CR, 2006 WL 1624393, at *2 (Tex. App.CDallas June 13,
2006, pet. ref=d) (mem. op., not designated for publication) (finding
that defendant who told trial court he did not agree with counsel=s strategy and did
not want that attorney representing him, but who made no request that he be
allowed to represent himself without counsel, failed to assert his right to
proceed pro se).  

Moreover, even if these motions could be construed as
clearly and unequivocally asserting the right to proceed pro se, we find
appellant waived this right.  By proceeding to trial and allowing counsel
to represent him without objection and without expressing an unwavering desire
to conduct his own defense, appellant waived any inferred request for
self-representation.  See Funderburg v. State, 717 S.W.2d 637, 642
(Tex. Crim. App. 1986) (holding that waiver of right to self-representation may
be found if it reasonably appears to court that defendant has abandoned his
initial request to represent himself).  We overrule appellant=s fourth issue.

We
affirm the trial court=s judgment.

 

 

/s/     
Leslie B. Yates

Justice

 

 

Judgment rendered
and Memorandum Opinion filed May 29, 2008.

Panel consists of
Justices Yates, Guzman, and Lee.*

Do Not Publish C Tex. R. App. P. 47.2(b).

 

* Senior Justice
Norman Lee sitting by assignment.














[1]  Appellant=s counsel
also asked M.M. about her age, and she confirmed that she was sixteen when she
went with appellant to get her nails done.  As we will discuss later,
appellant claims his counsel rendered ineffective assistance by having the
complainant prove up her age.  Even without this additional evidence, we
conclude the State put forth sufficient evidence of M.M.=s age.





[2]        
If you believe from
the evidence beyond a reasonable doubt, that the defendant . . . as alleged in
the indictment, did then and there intentionally or knowingly cause the penetration
of the mouth of . . . a child younger than seventeen (17) years of age and not
the defendant=s spouse, by the sexual organ of
the defendant, then you will find the defendant guilty. . . . (emphasis added).

 





[3]  As stated above, section 22.011 of the Texas Penal Code is a
conduct‑oriented statute that prohibits distinct yet very specific acts,
with each act proscribed constituting an independent unit of prosecution.  See Mathonican, 194 S.W.3d at 66. 

 





[4]  We have already determined that amending the
indictment was not a retaliative act against appellant for exercising his right
to a jury trial.  Failure to make a frivolous objection is not ineffective
assistance.  See Edmond v. State, 116 S.W.3d 110, 115 (Tex. App.CHouston [14th Dist.] 2002, pet. ref=d).





[5]  This motion was apparently a request that defendant be
allowed to assist counsel during trial.  While a trial court has
discretion to permit hybrid representation, there is no absolute right to such
representation.  See Ganther v. State, 187 S.W.3d 641, 648 (Tex.
App.CHouston [14th Dist.] 2006, pet. ref=d).