

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-13-00120-CR
_____

BRIAN MARTINEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2011-432,508, Honorable John J. "Trey" McClendon, Presiding

January 23, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Brian Martinez appeals his conviction of burglary of a habitation. The two issues before us involve the legal insufficiency of the evidence underlying the conviction and the admissibility of extraneous offenses received during both the guilt/innocence and punishment phases of the trial. We affirm the judgment.

*Sufficiency of the Evidence*

Appellant argues the evidence is insufficient to support conviction because it does not illustrate that he entered the apartment of Gabriella Dominguez with the intent

to commit theft, he was not found in possession of any items stolen from Dominguez, and Dominguez failed to positively identify him.  We overrule the issue.

We review the sufficiency of the evidence under the standard discussed in *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010).  Furthermore, that evidence must enable a rational jury to conclude, beyond reasonable doubt, that appellant entered a habitation without the effective consent of the owner and with the intent to commit theft.  Tex. Penal Code Ann. § 30.02(a)(1) (West 2011).

Next, a jury may infer intent from circumstantial evidence, *Guevara v. State,* 152 S.W.3d 45, 50 (Tex. Crim. App. 2004), as long as each inference is supported by evidence.  *Hooper v. State,* 214 S.W.3d 9, 15-16 (Tex. Crim. App. 2007).  Finally, an appellate court may determine whether necessary inferences are reasonable based upon the combined and cumulative force of all the evidence viewed in the light most favorable to the verdict.  *Sorrells v. State,* 343 S.W.3d 152, 156 (Tex. Crim. App. 2011).

The record at bar contains evidence that Gabriella Dominguez and her roommate Beverly Mendoza were living at the Raider Pass Apartments in Lubbock.  Both were members of the Texas Tech University golf team.  Upon their return home from a golf tournament at midnight on September 14, 2011, they noticed the door to their apartment was open even though it had been locked when they left.  They also observed a man coming down the hall.  He was Hispanic with black hair and a little beard, and he wore a striped shirt.  The man claimed to have seen the apartment door open and entered to investigate.  He then left.

Also of record is evidence that the two female tenants noticed that their rooms had been ransacked and that items were missing.  Dominguez' car also was gone.

2

Thereafter, blood was found on the damaged door to one of the female's bedrooms, and DNA testing linked appellant to the blood. At the time the tenants left for the tournament, the bedroom door in question had been locked. Also found was a broken knife that had not been in that condition before the females had left.

So too was a "Buckle" rewards card in the name of Lyndal Briscoe found in the apartment. The card had been damaged in a manner that was consistent with it being used to bypass a door lock. Neither tenant knew Briscoe. However, the latter had been the victim of a burglary on September 10, 2011. During that event, Briscoe's orange Coach wallet which contained the "Buckle" card, her car keys, and her debit card had been taken.

Investigation then revealed that someone used Briscoe's debit card to make a purchase at a local store. The visage of the person making the purchase was caught on camera. Though Briscoe could not identify the person, she could and did identify the Coach wallet held by the person as hers. One or more of the store pictures was also shown to Dominguez and Mendoza; Mendoza indicated that the shirt being worn by the person in the picture was similar to the one worn by the person found in their apartment on September 14th. Thereafter, a police officer identified appellant as the man in the store photos.

The disarray found in the Dominguez/Mendoza apartment, its having been locked before they left, appellant's blood found on Dominguez' previously locked bedroom door, the discovery of a broken knife that could have been used to force open the bedroom door, the presence of the damaged "Buckle" card in the apartment, its susceptibility for use as a means of opening the apartment's locked door, the

3

identification of appellant as the person in the store pictures carrying Briscoe's Coach wallet that contained the "Buckle" card, and the similarity between the shirt being worn by the person in the store pictures and found in the Dominguez/Mendoza apartment is sufficient evidence from which a rational jury could logically infer beyond a reasonable doubt that appellant entered the apartment rented by Dominguez and Mendoza without consent and with the intent to commit theft. In other words, the evidence is sufficient to support appellant's conviction.

*Extraneous Offenses*

Appellant next complains of the admission of extraneous offenses at both the guilt/innocence and punishment phases of the trial. We overrule the issue.

As for the allegation about the admission of extraneous evidence during the punishment phase, appellant supplied us with neither argument nor authority supporting the contention. Thus, it was inadequately briefed and, therefore, waived. *Hankins v. State*, 132 S.W.3d 380, 385 (Tex. Crim. App. 2004). Furthermore, we note that statute provides the trial court with authority to receive, during the punishment phase of a trial, evidence of extraneous crimes or bad acts. TEX. CODE CRIM. PROC. ANN. art. 37.07 § 3(a)(1) (West Supp. 2013) (stating that a trial court may admit any evidence it deems relevant to sentencing, including the prior criminal record of the defendant, his general reputation, his character, and any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt to have been committed by the defendant or for which he could be held criminally responsible regardless of whether he has been charged with or finally convicted of the crime or act). So, the admission of such evidence is not error in and of itself.

4

As for the evidence admitted during the guilt/innocence phase, it pertained to the Briscoe burglary. And, as illustrated above, it created a link between that crime, the person who committed it (that is, appellant), and the "Buckle" card found in the Dominguez/Mendoza apartment. As such, it could logically be viewed as evidence identifying appellant as the person 1) found by Dominguez and Mendoza in their apartment and 2) who committed that burglary. This is of import since evidence of extraneous offenses is admissible to prove, among other things, identity. TEX. R. EVID. 404(b).[1] Additionally, appellant questioned the evidence identifying him as the person encountered by Dominguez and Mendoza. So, identity was relevant and the admissibility of the evidence in question to legitimately identify appellant as that person fell within the zone of reasonable disagreement. *See Edwards v. State*, 228 S.W.3d 450, 451-22 (Tex. App.—Amarillo 2007, pet. ref'd) (wherein the court determined that a shotgun stolen in one burglary and later found in a vehicle involved in another theft was admissible for purposes of proving identity even though the acts committed in the crimes were not identical); *see also Moses v. State,* 105 S.W.3d 622, 627 (Tex. Crim. App. 2003) (stating that the pertinent standard of review when deciding if the trial court erred in admitting evidence of extraneous bad acts or crimes is one of abused discretion); *Devoe v. State,* 354 S.W.3d 457, 469 (Tex. Crim. App. 2011) (stating that discretion is not abused if the decision falls within the zone of reasonable disagreement).

---

[1] At the time the evidence was admitted, the jury was instructed that the evidence could be considered for purposes of "intent, knowledge, motive, opportunity, preparation, plan, identity, or absence of mistake or accident." Appellant did not object to this instruction.

Accordingly, the judgment is affirmed.

Brian Quinn
Chief Justice

Do not publish.