

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos. 07-21-00285-CR
07-21-00286-CR
07-21-00287-CR
07-21-00288-CR
07-21-00289-CR
07-21-00290-CR

IN RE ELI D. EDWARDS, RELATOR

**OPINION ON ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS**

December 7, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

In a pro se capacity, Eli D. Edwards petitions this Court for writs of mandamus. He apparently wants the Texas Department of Criminal Justice to be notified about the deletion from various judgments of a clause which stacked or accumulated his criminal sentences. The sentences pertain to six convictions which were the subject of appeals to this Court over a decade ago. The appellate cause numbers assigned them were Nos. 07-06-0407-CR, 07-06-0408-CR, 07-06-0409-CR, 07-06-0410-CR, 07-06-0411-CR, and

07-06-0412-CR. And, we disposed of them via written opinion in *Edwards v. State*, 228 S.W.3d 450 (Tex. App.—Amarillo 2007, pet. ref'd). As noted in that opinion, we observed that the State acknowledged the error described by Edwards here. His sentences were improperly stacked, and the judgments reflecting same were modified to delete the accumulation orders. *Id.* at 453. Nevertheless, we deny the petitions for writ of mandamus for the following reasons.

Despite being pro se, Edwards is obligated to abide by the rules of procedure governing the initiation of original proceedings in an appellate court. *In re Murray*, No. 07-19-00011-CV, 2019 Tex. App. LEXIS 1689, at *1–2 (Tex. App.—Amarillo Mar. 5, 2019, orig. proceeding) (mem. op.) (stating that a pro se petitioner for writ of mandamus must comply with the rules of procedure applicable thereto). A petition for writ of mandamus is one such proceeding. TEX. R. APP. P. 52.1. And, those rules require the petition to have a table of contents, index of authorities, statement of the case, statement of issues, statement of jurisdiction, a statement of facts, argument coupled with citation to legal authorities and to the appendix or record, and an appendix. TEX. R. APP. P. 52.3(a)–(k). Edwards included none of those in his petitions.

Moreover, implicit in a request for mandamus relief is the designation of someone about whom the petitioner complains. Without that, the court knows not at whom its actions should be directed, assuming relief were warranted. Edwards complains of no particular person or entity. Nor does he ask us to order a particular person to act in some way. And, it is not our duty to select for him the person or entity at whom relief may be directed.

Consequently, the petition for writ of mandamus is denied.


Brian Quinn
Chief Justice


Do not publish.