1567-14
1568-14

In The

ORIGINAL

Texas Court of Criminal Appeals

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 15 2015

Abel Acosta, Clerk

Hiram Lewis Brown

VS

The State of Texas

FILED IN
COURT OF CRIMINAL APPEALS

JAN 23 2015

Abel Acosta, Clerk

NO. 14-12-00833-CR
14-12-00834-CR

Petition for Discretionary Review

# Index

| | | Page |
|---|---|---|
| List of Authorities | | II 2 |
| I. Statement of the Case | | III 3 |
| II. Procedural History of the Case | | III 3 |
| III. Grounds for Review | | IV 4 |
| A. First Ground | | IV 4 |
| B. Second Ground | | IV 4 |
| C. Third Ground | | IV 4 |
| IV Reasons for Review | | 5 |
| A. First Ground | | 5 |
| B. Second Ground | | 5 |
| C. Third Ground | | 5 |
| V Conclusion and Prayer | | 6 |
| VI Certificate of Service | | 6 |

ES-0085-01-07

# List of Authorities

## I. Cases

American Plant Food Corporation V. State 508 S.W.2d 598
Blockburger V. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L Ed 306
Lander V. United States 358 US 169, 3 L Ed 2d 199, 79 S.Ct. 209
People V. Brown 14 Ill App. 3d 196, 302 NE2d 101
State V Damon 2 Tyler 387 (1803, vt)
United States V Carmichael 152 App DC 197, 469 F2d 937
United States V. Theriault 531 F2d 281, 534 F2d 1407

## II Constitution
Federal     6th, 14th Amendment
State     Article I, Section 10

## III Statutes

Texas Penal Code     Section 1.07

## IV Rules

Texas Rules of Appellate Procedure     Rule 68

Page II

ES-0085-01-07

# In The
# Texas Court of Criminal Appeals

Hiram Lewis Brown

     VS            NO. 14-12-00833-CR
                               14-12-00834-CR

The State of Texas

## Petition For Review

To the Honorable Court of Criminal Appeals:

## I. Statement of the Case

Hiram Lewis Brown was accused of unlawfully Causing Bodily Injury to Serena Wolfgang and Jeremey Alsobrook on January 29, 2012 by Kicking both with his foot. Both Accusor's testified injuries resulted from a single delivered Kick. Both also testified that the Kick only hurt.

## II Procedural History of the Case

On an Information charging the defendant with two offenses of Misdemeanor Assault, the defendant was tried by a jury and was Convicted and his punishment assessed at One year to run concurrently in the Harris County Jail. Notice of Appeal was given in the trial Court and the Case was appealed to the 14th Court of Appeals. Opinion denying relief was delivered on October 16, 2014

# III Ground for Review

A. The Court of Appeals incorrectly held that the definition of Intentionally did not egregiously harm appellant, but the record shows that Serena Wolfgang reached forward of her own accord with her hand in an attempt to shield Jeremy Alsobrook's face and not her own because no Kick was being directed at Serena Wolfgang therefor showing no Intent on part of Defendant to intentionally cause bodily injury to Serena Wolfgang. Page 2 of Memorandum Page 7 of Memorandum

B. Bodily Injury was being implied as "hurt a little" and there was no Physical Evidence "pictures, medical Records or testimony on part of law enforcement to Support any Injuries.
Page 6

C. The Confrontation Clause guarantees a defendant the right to Cross-examine witnesses and relates to the Common law rule preventing the admission of hearsay, that is, to say, testimony by one witness as to the Statements and Observations of another person to prove that the Statement or observation was accurate. The rationale was that the defendant had no opportunity to challenge the Credibility of and Cross-examine the person making the Statements
Page 7          Sixth Amendment to U.S. Constitution

ES-0085-01-07

## IV  Reasons for Review

A. A Person should not be held to answer twice for a Single act that shows no Intent to affect Multiple Victims. the Courts should recognize that Collateral estoppel Should have been applied in this matter. Punishment for the Same offense is Double Jeopardy.

Blockburger V. United States, 284 U.S., 299, 52 S.Ct. 180, 76 LEd 306

Landner V. U.S. 358 US 169 3 LEd 2d 199, 79 S.Ct. 209

People V. Brown 14 Ill App 3d 196, 302 NE 2d 101

State V Damon 2 Tyler 387 (1803 VT)

U.S. V Carmichael 152 App DC 197, 469 F2d 937

U.S. V theriault 531 F2d 281, 534 F2d 1407

B. Bodily Injury is Defined as physical pain, illness, or any impairment of physical Condition.
Penal Code 1.07

C. The right to Confront and Cross-examine Witnesses also applies to physical evidence, the prosecution Must present physical evidence to the jury, providing the defense ample opportunity to Cross-examine its Validity and meaning.
Sixth Amendment to U.S. Constitution

Page V

## V. Conclusion and Prayer

Wherefore, by reason of the reversible errors above pointed out Petitioner prays that his petition for review be accepted and that the opinion of the Court of Appeals be reversed and that this Cause be dismissed and he so prays.

## VI Oral Argument

In the event this petition is granted, Oral argument is Waived.

_____ Petitioner Pro Se

## Certificate of Service

I HIRAM BROWN Petitioner, Pro Se, hearby Certify that a true and Correct Copy of the foregoing Petition for Review has been delivered to the Prosecuting Attorney Francis McWilliams and to the State's Attorney at Austin, Texas, by U.S.P.S to thier Correct address, this the 12th day of January, 2015

_____
Hiram Lewis Brown

Page VI

ES-0085-01-07

**Affirmed and Memorandum Opinion filed October 16, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00833-CR
### NO. 14-12-00834-CR

---

## HIRAM BROWN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the County Criminal Court at Law No. 13**
**Harris County, Texas**
**Trial Court Cause Nos. 1806917 & 1806918**

---

## MEMORANDUM OPINION

Appellant Hiram Brown was found guilty by a jury of two counts of misdemeanor assault. Based on the State's agreed recommendation on punishment, the trial court sentenced appellant to concurrent terms of one year's confinement in the county jail for each offense. On appeal, appellant contends that he was egregiously harmed by an erroneous charge in one of the cases and that the trial

court abused its discretion by preventing cross-examination of a witness as to possible interest, bias, or motive in violation of his constitutional right to confrontation of witnesses. We affirm.

## FACTUAL BACKGROUND

On January 28, 2012, complainants Jeremy Alsobrook and his girlfriend, Serena Wolfgang, decided to go on a double date with appellant and Serena's friend, Starla Tise. Jeremy and Serena drove Starla's car to Tia Maria's restaurant in Houston, where Starla and appellant were already eating and drinking. During dinner, an argument ensued between Starla and appellant, and Starla slapped appellant's face. Jeremy and Serena decided to leave the restaurant with Starla. Before Starla could start her car, however, appellant grabbed her electronic car key, threw it on the ground, and broke it.

At that point, Serena called the police and Jeremy called his brother, Brandon Alsobrook, to come and pick them up. When Brandon arrived in his two-door Acura coupe, everyone got in his car. Jeremy sat in the front passenger seat, while Serena sat behind Jeremy and Starla sat behind Brandon. As they left the restaurant, appellant began following them in his white Hummer, honking his horn and trying to phone both Starla and Serena. Serena again attempted to call the police.

At a red light, appellant pulled up next to their car, got out, and approached the passenger-side door of the Acura. As he approached, appellant appeared very angry, and was yelling, screaming, and cursing. Appellant opened the passenger door where Jeremy was seated, placed his hands on top of the car, and kicked Jeremy in the face, splitting his lip. Serena, who had reached forward with her hand in an attempt to shield recent stitches on Jeremy's face, was also struck by appellant's kick. Serena suffered a sprained thumb and sought medical treatment a

2

few days later when the pain did not subside. Medical records supporting Serena's account were admitted into evidence without objection.

After kicking Jeremy and Serena, appellant pointed toward Starla and ordered her to "come the f- - k with me." Appellant returned to his Hummer in an excited state, saying, "If you think this is funny, I'm going f- - king shoot you" as he reached into his glove compartment. At that point, Brandon decided to run the red light. Appellant continued to pursue them, but they eventually eluded appellant on the freeway. The group pulled into a gas station and informed the police of their location.

Officer David Rodriguez met with the complainants at the gas station. During Rodriguez's investigation, appellant called Serena's cell phone. When Rodriguez answered the phone, appellant threatened to "kick [his] ass" before Rodriguez could identify himself. Appellant was eventually picked up by a different police unit and taken to the gas station. Rodriguez did not observe any defensive wounds on appellant.

At trial, appellant pleaded "not guilty" to assaulting Jeremy and Serena and presented two witnesses in his defense. Robert Garza testified that appellant had called him that night and asked him to come to Tia Maria's because Starla, Robert's cousin, had assaulted him. When Robert and his girlfriend, Miranda Billings, arrived at the restaurant's parking lot, Starla and the others were just leaving. Appellant got into his car to follow them, and Robert followed behind appellant. At the red light, Robert saw Jeremy get out of the Acura and open appellant's car door. A struggle ensued, and appellant's foot came out to repel Jeremy before appellant shut the door. Miranda testified that she too saw Jeremy get out of his car and try to open appellant's car door, but she did not see what transpired after that.

3

Although the jury was instructed on self-defense, appellant was found guilty of assaulting both Jeremy and Serena. This appeal followed.

ANALYSIS OF APPELLANT'S ISSUES

In his first issue, appellant contends that the trial court submitted a defective jury charge in Jeremy's case, which was not objected to, and which caused appellant egregious harm. In his second issue, appellant contends that the trial court erred by refusing to allow him to ask the questions necessary to lay the predicate for cross-examining Serena as to possible bias, in contravention of his Sixth Amendment right to confrontation of witnesses and Texas Rule of Evidence 613(b).

## I. Charge Error

The court's charge authorized the jury to find that appellant intentionally or knowingly caused bodily injury to Jeremy Alsobrook by kicking him with his foot. The Texas Penal Code provides that a person commits an offense if the person "intentionally, knowingly, or recklessly causes bodily injury to another." *See* Tex. Penal Code § 22.01(a)(1).

The abstract portion of the charge correctly defined "knowingly" to mean that "[a] person acts knowingly or with knowledge with respect to a result of his or her conduct when he or she is aware that his or her conduct is reasonably certain to cause the result." But the charge defined "intentionally" to mean that "[a] person acts intentionally, or with intent, with respect to a result of his or her conduct when it is his or her conscious objective or desire to *engage in the conduct* or cause the result" (emphasis added). Appellant argues that, because assault requires the conscious objective or desire to cause the result rather than the conduct, the incorrect definition of "intentionally" in the abstract portion of the court's charge

4

resulted in egregious harm because it permitted the jury to convict him of assault if it found that he intended to engage in conduct which caused bodily injury, regardless of whether he intended to cause the result.

The State concedes the charge was erroneous. *See Landrian v. State*, 268 S.W.3d 532, 536 (Tex. Crim. App. 2008) (stating that assault as defined in Tex. Penal Code § 22.01(a)(1) is a result-oriented offense); *Cook v. State*, 884 S.W.2d 485, 490 (Tex. Crim. App. 1994) (holding that trial judge erred in not limiting the culpable mental states to the type of offense charged). Nevertheless, the State argues that appellant suffered no egregious harm as a result of the error.

When, as here, no objection to an alleged jury charge error was made at trial, the appellant must show that the error is so egregious and created such harm that he did not have a fair and impartial trial. *See Warner v. State*, 245 S.W.3d 458, 461 (Tex. Crim. App. 2008) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985)). Error creating egregious harm is also described as error that goes to the very basis of the case, deprives the appellant of a valuable right, or vitally affects a defensive theory. *Id.* at 461–62. To determine egregious harm, we examine the entire jury charge, the state of the evidence, including the contested issues and weight of the probative evidence, the arguments of counsel, and any other relevant information revealed by the record of the trial as a whole. *Id.* at 461.

Looking to the charge as a whole, the application paragraph instructed the jury as follows:

> Now, therefore, if you believe from the evidence beyond a reasonable doubt that on or about the 28th day of January, 2012, in Harris County Texas, the defendant, Hiram Brown, did unlawfully intentionally or knowingly cause bodily injury to Jeremy Alsobrook, hereinafter styled the Complainant, by kicking the Complainant with his foot, you shall find the defendant guilty.

5

Although appellant argues that the application paragraph does not cure the error in the abstract paragraph, the court's charge correctly instructed the jury to convict only if it determined that appellant intentionally or knowingly caused the result of bodily injury, consistent with the statutorily prohibited conduct. *See* Tex. Penal Code § 22.01(a)(1). When the application paragraph correctly instructs the jury on the law applicable to the case, this mitigates an erroneous definition in the abstract portion of the charge. *See, e.g., Medina v. State*, 7 S.W.3d 633, 640 (Tex. Crim. App. 1999); *Williams v. State*, 226 S.W.3d 611, 618 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see also Delgado v. State*, 944 S.W.2d 497, 499 (Tex. App.—Houston [14th Dist.] 1997, pet. ref'd) (holding appellant charged with assault was not egregiously harmed when correct application paragraph "appropriately limited the overbroad language" in court's definitions and the State did not emphasize the "nature of conduct" language in its jury argument).

Turning to the state of the evidence, appellant argues that all of the evidence presented by both parties went to either appellant's or Jeremy's conduct. According to appellant, the only evidence of the result of the conduct—Jeremy's bodily injury—was Jeremy's testimony that it "hurt a little" and Brandon's testimony that the kick "busted [Jeremy's] lip open and "hurt his teeth and gums." Appellant asserts that, because the charge failed to require evidence that appellant intended to cause Jeremy bodily injury, the jury was erroneously authorized to convict appellant solely on the evidence of appellant's conduct.

However, appellant's intent was not a contested issue at trial. Appellant's defense was not that he had inadvertently caused Jeremy bodily injury or that he otherwise lacked the requisite mental state to commit the charged offense; instead, appellant's theory was that he kicked Jeremy in self-defense. Consequently, throughout the trial and during closing arguments, the parties focused on the

6

credibility of the witnesses and the plausibility of their versions of the events, not on whether appellant possessed the culpable mental state required to commit assault. Further, appellant concedes that neither the State nor the defense addressed appellant's intent to cause bodily injury in their closing arguments, and our review of the record reveals no other relevant information having any bearing on this issue.

Taking into consideration the relevant factors, we hold that the erroneous definition of "intentionally" in the abstract portion of the jury charge did not egregiously harm appellant. We overrule his first issue.

## II.    Limitation on Cross-Examination

In his second issue, appellant contends that the trial court abused its discretion in preventing cross-examination of complainant Serena Wolfgang as to her possible interest, bias, or motive to slant her testimony against him in violation of appellant's Sixth Amendment right of confrontation under the United States Constitution and Texas Rule of Evidence 613(b). In particular, appellant complains that he was not permitted to question Serena concerning a possible lawsuit against him arising from her thumb injury and allegations that while previously living with appellant she took appellant's and his daughter's belongings and pawned them.

### A.    Applicable law

The Confrontation Clause of the United States Constitution guarantees a defendant the right to cross-examine witnesses. *See* U.S. Const. amend. VI; *Delaware v. Van Arsdall*, 475 U.S. 673, 678 (1986). Exposing a witness's motivation to testify for or against the accused or the State is a proper and important purpose of cross-examination, and parties are allowed great latitude to show "any fact which would or might tend to establish ill feeling, bias, motive and

animus on the part of the witness." *Carpenter v. State*, 979 S.W.2d 633, 634 (Tex. Crim. App. 1998). Texas Rule of Evidence 613(b) allows a party to impeach a witness "by proof of circumstances or statements showing bias or interest on the part of such witness" in specified circumstances and subject to other evidentiary rules.

But a trial court has broad discretion in limiting cross-examination of witnesses in a criminal prosecution "based on concerns about, among other things, harassment, prejudice, confusion of the issues, . . . or interrogation that is repetitive or only marginally relevant." *Irby v. State*, 327 S.W.3d 138, 145 (Tex. Crim. App. 2010) (quoting *Van Arsdall*, 475 U.S. at 679). To be admissible, the proponent of the evidence must show that the evidence is relevant by demonstrating that a nexus, or logical connection, exists between the witness's testimony and the witness's potential motive to testify in favor of the other party. *Woods v. State*, 152 S.W.3d 105, 111 (Tex. Crim. App. 2004); *Carpenter*, 979 S.W.2d at 635. The trial court does not abuse its discretion by excluding impeachment evidence when the proponent fails to establish this logical connection. *Irby*, 327 S.W.3d at 153–54.

## B. Any error was harmless

Appellant argues that his defense counsel at least had the right to ask Serena preliminary questions to lay the predicate to show her bias against appellant. As an initial matter, the State argues that appellant failed to preserve the issue for appeal. Additionally, the State argues that even if the issue was preserved and the trial court erred in limiting defense counsel's cross-examination of Serena, any error was harmless.

On cross-examination, Serena testified that she previously lived with appellant, and that appellant is the boss and friend of Robert Garza, her ex-boyfriend. Defense counsel then asked Serena whether she had ever taken items

8

that belonged to appellant's daughter. The State objected to the relevance of this inquiry, and appellant's trial counsel responded that it was for impeachment. The following discussion took place at the bench:

> The Court: Correct me if I'm wrong, but under [Rule] 608 you can't impeach with specific acts of misconduct unless you -- unless -- you just don't go into specific acts of misconduct for general impeachment purposes unless they are a felony or a crime of moral turpitude resulting in a conviction, a felony or a misdemeanor conviction.
>
> [Defense Counsel]: Well, we're trying to show her motive, Judge.
>
> The Court: Well, you can do that to some extent; but do not just -- that's why I asked you guys to come up here so you can express it very, very carefully.
>
> [Defense Counsel]: Okay.
>
> The Court: And we're not -- excuse me, one more thing. We are not going back, day by day, to the beginning of time.
>
> [Defense Counsel]: I understand. Thank you, Judge.

Upon resuming cross-examination, defense counsel asked Serena which of appellant's daughter's belongings she had taken to the pawn shop. The State again raised a relevance objection, and the trial court asked defense counsel to make a proffer of the evidence he intended to use for impeachment purposes that did not constitute a felony conviction or a misdemeanor conviction for a crime of moral turpitude. Outside the presence of the jury, defense counsel made the following offer of proof:

> [Defense Counsel]: Judge, we intend to show that she knows Mr. Brown. In fact, she is trying to extract payments and money from him, that in the past she has stolen things that belong to him and his daughter, has taken them to pawnshops, has asked his wife not to report her to the police. And that --
>
> . . .

9

Anyway, we think it's proper cross-examination to show her motive. And part of the claim she's making against Brown is a civil matter involving the injury is why she went and sought medical help a few days after the incident.

The Court: Is there some lawsuit that's been filed or something?

[Defense Counsel]: Just --

The Court: Is that a "yes" or "no" or "I don't know"?

[Defense Counsel]: I don't know.

The Court: Okay. If you've got something that shows -- we're not going to go into the facts of somebody's -- something that does not apply directly to bias or prejudice by a witness against someone. Now, if you -- and you are going to have to be able to prove it because it's just -- ask straight-up questions and not just general da, da, da, da, da type of questions. You cannot -- they have to be very, very specific and very, very careful. We're not just going to run out all the laundry that may exist in the world.

[Defense Counsel]: I understand, Judge. I'll take up a different line.

Defense counsel did not pursue further cross-examination regarding Serena's motive to testify untruthfully.

Appellant acknowledges that the trial court's admonishments "did not clearly constitute a ruling on a particular question" but argues that the court's comments imply that unless defense counsel knew whether the witness had filed a lawsuit and was prepared to prove it, he would not be permitted to question her on that issue. Appellant also argues that he preserved error by his informal offer of proof. *See* Tex. R. Evid. 103(a)(2); *Sansom v. State*, 292 S.W.3d 112, 118 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd) (holding that "error is preserved when defense counsel states the subjects on which he intends to question the witness").

The State concedes there is "no legal requirement that the proponent of

10

impeachment evidence must be able to prove the proffered line of cross-examination," but nevertheless asserts that error was not preserved because the trial court did not expressly prohibit counsel from exploring the subject matter raised in the offer of proof and it did not sustain the State's relevance objection.

To preserve a complaint on appeal, Texas Rule of Appellate Procedure 33.1(a) requires both the presentation of a complaint to the trial court and an express or implicit ruling. Tex. R. App. P. 33.1(a). We note that defense counsel did not expressly articulate to the trial court that that he was entitled to question Serena under either the Confrontation Clause or Rule 613(b), but counsel did make an offer of proof and request cross-examination for the purpose of exploring Serena's "motive" in testifying against appellant. Assuming without deciding that defense counsel sufficiently informed the court of the nature of his request, and further assuming that the trial court abused its discretion by implicitly overruling the request, we will consider whether any error by the trial court harmed appellant.

A violation of the Confrontation Cause is subject to a harmless error analysis. *Shelby v. State*, 819 S.W.2d 544, 546 (Tex. Crim. App. 1991) (citing *Van Arsdall*, 475 U.S. at 684); Tex. R. App. P. 44.2(a). In the context of improper limitation of cross-examination, the Texas Court of Criminal Appeals applies *Van Arsdall*'s three-pronged test. *Shelby*, 819 S.W.2d at 547; *Sansom*, 292 S.W.3d at 121. First, the appellate court must assume that the damaging potential of the cross-examination was fully realized. *Sansom*, 292 S.W.3d at 121. Second, with that assumption in mind, the appellate court must review the error in connection with the following factors: (1) the importance of the witness's testimony in the prosecution's case; (2) whether the testimony was cumulative; (3) the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points; (4) the extent of cross-examination otherwise permitted; and (5)

11

the overall strength of the prosecution's case. *Id.* Finally, in light of the first two prongs, the appellate court must determine whether the error was harmless beyond a reasonable doubt. *Id.*

Accordingly, we assume that the jury was fully informed that Serena had previously stolen and pawned items from appellant's household and was motivated to testify in the State's favor to potentially recover money damages in a civil lawsuit against appellant. Although Serena's testimony was important to the State's case, it was not essential because it was largely cumulative of Jeremy and Brandon's testimony that appellant opened the passenger door and kicked inwards, striking Jeremy's face and Serena's hand.

Appellant contends, however, that Serena's testimony was "vital" because the State's other witnesses did not know of her alleged injury until after the kick and could not testify to whether it hurt her. However, even without Serena's testimony, the jury could have reasonably inferred that appellant's kick caused her pain based on the witness testimony that appellant kicked Serena in the hand and the medical records indicating that Serena suffered a sprained thumb. *See Wawrykow v. State*, 866 S.W.2d 96, 99–100 (Tex. App.—Beaumont 1993, pet. ref'd) (holding that any rational fact finder could have inferred that blows from the appellant's fist to the complainant's head caused her physical pain even though she did not specifically testify that appellant cause her pain); *Goodin v. State*, 750 S.W.2d 857, 859 (Tex. App.—Corpus Christi 1988, pet. ref'd) (holding that evidence of bruising and muscle strain was sufficient to establish that the victim suffered physical pain because "[p]eople of common intelligence understand both physical pain and some of the natural causes of pain").

Appellant also points to conflicts between Serena's and Jeremy's testimony concerning whether Starla was in the front seat or the back seat of her car when

appellant grabbed her keys, and questions how Serena could have could have sustained an injury to her left hand if her thumb was pointing down while she reached around from the back seat to cup Jeremy's face in her hand, as she testified, when Brandon testified that the kick impacted Jeremy's lip. Appellant further posits that the case against him was "not especially strong" and, if the jury had been informed of Serena's bias and interest in a lawsuit against him, the jury may have chosen to believe appellant's witnesses over the State's witnesses. Even excluding Serena's testimony, however, the jury heard compelling testimony of the altercation from Jeremy and Brandon, both of whom testified consistently on the material points that appellant drove after them in an erratic manner, opened the passenger-side door of Brandon's car, kicked Jeremy and Serena, and threatened to shoot them. The jury also could have taken into consideration Officer Rodriguez's testimony that appellant made a threatening remark to him over the phone and did not appear to have suffered any defensive wounds.

We conclude that any error from the trial court's limitation on appellant's counsel's cross-examination of Serena was harmless beyond a reasonable doubt. We overrule appellant's second issue.

## CONCLUSION

We overrule appellant's issues and affirm the trial court's judgments.


/s/     Ken Wise
        Justice


Panel consists of Justices Boyce, Busby, and Wise.
Do Not Publish — TEX. R. APP. P. 47.2(b).

13