**Opinion issued October 13, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00864-CR

————————————

**MISYOSHI TIMMS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 412th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 74415**

---

## MEMORANDUM OPINION

A jury convicted appellant Misyoshi Timms of aggravated assault with a deadly weapon and assessed punishment at two years' imprisonment. *See* TEX. PENAL CODE § 22.02(a). Timms raises three issues on appeal: (1) the evidence was insufficient to support her conviction for aggravated assault; (2) the trial court erred

by excluding testimony regarding the content of photos that the complainant viewed; and (3) the trial court erred by allowing testimony of Timms's reputation for violence.

Finding no reversible error, we affirm the judgment of the trial court.

## Background

Neal O'Neal and Misyoshi Timms have been married for 13 years. One afternoon, Officer Adam Soto was called to a disturbance in progress at the couple's home. Officer Soto testified that when he arrived at the home he heard continuous "irate" screaming from Timms. When Officer Soto entered the house, he saw Timms at one end of the kitchen holding a knife, yelling at O'Neal, who was sitting in a chair. Officer Soto observed that O'Neal had cuts on his head and ears, as well as blood dripping from his face and dried on his nose, while Timms had no injuries. Officer Soto demanded that Timms put down the knife. Timms complied with the request and was arrested. In court, Officer Soto testified that the knife Timms was wielding was a deadly weapon, and the knife was admitted into evidence.

According to O'Neal, he and Timms argued over photos he was viewing on an Instagram social media account, because she thought the "girls look[ed] young." Timms's daughter had been molested previously, and the images "raised a red flag" for her as a result. The argument quickly became physical. While O'Neal was still sitting, Timms hit him with her phone and punched him, then went to the kitchen to

grab a knife. He attempted to exit the house several times, but Timms physically prevented him from leaving. He testified that he did not fight back out of fear of being blamed for the altercation. After being recalled as a witness, O'Neal testified that Timms had hit him with a metal strip from the bottom of a door and a pot or pan. O'Neal could not remember whether he was cut by the knife.

Timms testified in her own defense. She asserted that while the argument began over photos viewed by O'Neal, using an Instagram application on a tablet, it became physical after she called him a "perv." She stated that O'Neal "jumped towards" her, and she hit him in order to keep him away. She ran to the bedroom where O'Neal attempted to suffocate her by laying on top of her. She hit him with a pot several times to try to force him to move. When that didn't work, she took the knife from the nightstand, which she had left there for use in arts and crafts. She claimed that after she took the knife, they stopped fighting and returned to the kitchen to talk through the issue calmly.

Outside the jury's presence, Timms testified that the pictures O'Neal had viewed were of "underage girls," the same age as her daughters. The State objected that the testimony was not relevant, and that any probative value was outweighed by the potential prejudice of a suggestion that he was "somehow involved in the possession of child pornography." The court sustained the objection, noting that the

3

content of the images was not relevant, and Timms already had testified to the reason for her distress at the images.

During her testimony, Timms admitted to three prior theft and two prior assault convictions. Her most recent assault conviction came in 2013 as a result of an incident involving her oldest daughter. After this testimony, the State called Officer Lisa Jefferson to discuss the 2013 incident involving Timms and her daughter. Officer Jefferson opined that Timms was the more aggressive party during that altercation. Officer Jefferson also was asked if she had an opinion about Timms's "propensity for violence." Defense counsel objected, but the opinion testimony was admitted. She stated that she had "dealt with" Timms "a few times and she was the aggressor each time." Officer Jefferson did not go into any more detail regarding her other interactions with Timms.

The jury found Timms guilty of aggravated assault and assessed punishment at two years in prison. Timms appealed.

**Analysis**

## I. Sufficiency of evidence

We review the legal sufficiency of the evidence to support a conviction by viewing the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781,

2789 (1979); *Brooks v. State*, 323 S.W.3d 893, 898-99 (Tex. Crim. App. 2010). The standard is the same for both direct and circumstantial evidence cases. *Carrizales v. State*, 414 S.W.3d 737, 742 (Tex. Crim. App. 2013). The trier of fact is the sole judge of the weight and credibility of the evidence. *Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008). We do not resolve any conflict of fact, weigh any evidence, or evaluate the credibility of any witnesses, as this is the function of the trier of fact. *Merritt v. State*, 368 S.W.3d 516, 525–26 (Tex. Crim. App. 2012). We must resolve any inconsistencies in the evidence in favor of the verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

A person commits assault if she "intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse." TEX. PENAL CODE § 22.01. A person commits aggravated assault if she "uses or exhibits a deadly weapon during the commission of the assault." *Id.* § 22.02. An object can be a deadly weapon by design or use. *Tucker v. State*, 274 S.W.3d 688, 691 (Tex. Crim. App. 2008). An object is a deadly weapon by usage if it is "capable of causing death or serious bodily injury" in its manner of use or intended use. *Id.* (quoting *McCain v. State*, 22 S.W.3d 497 (Tex. Crim. App. 2000)). The State is not required to prove that the use of the weapon caused actual death or serious bodily injury, merely that it was capable of doing so. *Id.*

Timms contends that the only evidence produced by the State that indicated she had committed aggravated assault was O'Neal's testimony. She asserts that O'Neal's testimony alone was not sufficient to establish her use of a deadly weapon. Her argument relies on O'Neal's testimony that he could not remember if he had been cut by a knife in the altercation.

The State presented evidence that O'Neal and Timms began to argue, that she hit him multiple times, that she grabbed a knife and threatened to stab him, and finally that O'Neal sustained injuries as a result of the altercation. As there is evidence that Timms used or exhibited a deadly weapon while assaulting O'Neal, it was unnecessary to show that the knife itself was the cause of his injuries. *See Tucker*, 274 S.W.3d at 691–92. The State needed to prove only that the knife was capable of causing death or serious bodily injury, not that the deadly weapon caused such injury. *Id.* Officer Soto testified that Timms was holding a knife when he found her, and the weapon was capable of causing death or serious bodily harm. The knife was admitted into evidence for inspection by the jury, which could evaluate Officer Soto's assertion that the knife was a deadly weapon. This was sufficient evidence for a reasonable jury to conclude that a deadly weapon was used or exhibited in the assault. *See Merritt*, 368 S.W.3d at 525–26; *Curry*, 30 S.W.3d at 406.

Timms also asserts that the evidence was insufficient to disprove her theory of self-defense. When raising the issue of self-defense, the defendant bears the

6

burden of production of evidence in support of the defense, while the State bears the burden of persuasion to disprove the defense. *Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003).

The issue of self-defense is an issue of fact to be determined by the jury. *Cleveland v. State*, 177 S.W.3d 374, 393 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). "A jury verdict of guilty is an implicit finding rejecting the defendant's self-defense theory." *Id.* The jury may believe all, some, or none of the testimony provided. *Williams v. State*, 226 S.W.3d 611, 615 (Tex. App.—Houston [1st Dist.] 2007, no pet.). To support a rejection of self-defense "we ask whether any rational jury would have found, beyond a reasonable doubt, against appellant on the self-defense issue." *Id.* at 616–17.

A person is justified in using force against another when and to the degree that the actor reasonably believes the force is immediately necessary to protect oneself against the other's use or attempted use of unlawful force. TEX. PENAL CODE § 9.31. A person is justified in using deadly force against another if she would be justified in using force under section 9.31, and the actor reasonably believes the deadly force is immediately necessary to protect the actor against the other's use or attempted use of unlawful deadly force, or to prevent the other's imminent commission of aggravated kidnapping, murder, sexual assault, aggravated sexual assault, robbery, or aggravated robbery. *Id.* § 9.32(a).

The only evidence to support Timms's theory of self-defense was her testimony that O'Neal chased her and later laid on top her in an attempt to cause her to suffocate. While Timms's testimony supported a theory of self-defense, the jury was entitled to believe any controverting testimony. *See Williams*, 226 S.W.3d at 617. O'Neal testified he did not touch or attack Timms, while Officer Soto testified that Timms was the aggressor and was uninjured. Based on the verdict, the jury appears to have discredited Timms's testimony and credited O'Neal and Officer Soto. *See Merritt*, 368 S.W.3d at 525–26. A rational jury could have found beyond a reasonable doubt that Timms was not acting in self-defense. *See Zuliani*, 97 S.W.3d at 595.

We overrule Timms's first issue.

## II.  Exclusion of testimony about content of photos

In her second issue, Timms argues that the trial court erred in excluding testimony regarding the content of the photos on O'Neal's tablet. Timms contends that her testimony that O'Neal had viewed pictures of "underaged girls" was relevant to self-defense because it would have aided the jury in determining whether he provoked the assault. She argues this probative value outweighed any potential prejudice, which the State suggested might result because it suggested "possession of child pornography."

We review trial court rulings concerning the exclusion of evidence under an abuse-of-discretion standard. *Sauceda v. State*, 129 S.W.3d 116, 120 (Tex. Crim. App. 2004); *Smith v. State*, 340 S.W.3d 41, 53 (Tex. App.—Houston [1st Dist.] 2011, no pet.). A trial court abuses its discretion when it acts arbitrarily and unreasonably, without reference to any guiding rules or principles. *Smith*, 340 S.W.3d at 53–54. In reviewing a trial court's ruling for an abuse of discretion, an appellate court will not intercede as long as the trial court's ruling is within the zone of reasonable disagreement. *See Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990). Error may not be predicated upon a ruling admitting or excluding evidence unless a substantial right of the party is affected. TEX. R. EVID. 103(a); *see also* TEX. R. APP. P. 44.2(b).

Evidence is relevant if "it has any tendency to a make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." TEX. R. EVID. 401. Generally, all relevant testimony is admissible. TEX. R. EVID. 402; *Layton v. State*, 280 S.W.3d 235, 240 (Tex. Crim. App. 2009). For evidence to be relevant, it is critical that there be a direct or logical connection between the actual evidence and proposition sought to be proved. *Layton*, 280 S.W.3d at 240. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice . . . ." TEX. R. EVID. 403. In conducting a Rule 403 admissibility analysis, a reviewing court looks at

9

several factors including: "(1) the probative value of the evidence; (2) the potential to impress the jury in some irrational, yet indelible way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence." *Erazo v. State*, 144 S.W.3d 487, 489 (Tex. Crim. App. 2004); *see also* TEX. R. EVID. 403.

In this case, the probative value of the testimony about the images would have been marginal. *See Erazo*, 144 S.W.3d at 489. As the trial court noted, Timms already had testified about the fact that she was offended by the images and that she was especially upset because her daughter had been abused. She had also stated that the argument began after she called O'Neal a "perv." The most the images could have proved was that Timms was justified in her anger at O'Neal. This would not be an element in her theory of self-defense, because it would not show that O'Neal had been the aggressor in the conflict, nor that Timms was required to use deadly force to defend herself. *See* TEX. PENAL CODE §§ 9.31, 9.32. Even without an allegation that the images were "child pornography," the trial court could have concluded that the testimony that O'Neal had been viewing "underaged girls" had the potential to impress the jury in some irrational, yet indelible way.

While it would have taken no appreciable amount of time for Timms to testify that O'Neal had been looking at "underaged girls," she nevertheless did not appear to have a legitimate need to develop that fact. It bore no relevance to self-defense, and at trial, her lawyer's only explanation was that the "door was already opened"

to the testimony, because the jury had heard that O'Neal was looking at photos on Instagram. On appeal, Timms suggests that the evidence "would support her contention that he provoked the assault to retaliate against her for questioning his mental sickness of possessing pictures of underage girls." But as noted above, this would not show that O'Neal had been the aggressor, nor that Timms was required to use deadly force to defend herself.

We hold that the trial court reasonably could have concluded that testimony characterizing the images on O'Neal's tablet was more prejudicial than probative, and the trial court was within its discretion in refusing to admit it. *See id.*; *Erazo*, 144 S.W.3d at 489; *Sauceda*, 129 S.W.3d at 120. We overrule Timms's second issue.

## III. Admission of reputation evidence

In her third issue, Timms contends that the trial court erred by admitting the testimony of Officer Jefferson about her reputation as an aggressor. Timms argues that Officer Jefferson was not qualified to provide character testimony based on a single incident rather than her overall reputation. *See* TEX. R. EVID. 405(a).

In order to preserve an error relating to the admission of evidence, a party must make a timely objection or motion and obtain a ruling on that objection. *See* TEX. R. APP. P. 33.1(a); TEX. R. EVID. 103(a); *Heidelberg v. State*, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004). The party complaining on appeal about a trial court's "admission, exclusion, or suppression of evidence must, at the earliest opportunity,

11

have done everything necessary to bring to the judge's attention the evidence rule or statute in question and its precise and proper application to the evidence in question." *Reyna v. State*, 168 S.W.3d 173, 177 (Tex. Crim. App. 2005). "A complaint will not be preserved if the legal basis of the complaint raised on appeal varies from the complaint made at trial." *Lovill v. State*, 319 S.W.3d 687, 691–92 (Tex. Crim. App. 2009).

At trial, Timms objected to Officer Jefferson's testimony on the basis of speculation and under Rules 403 and 404. Rule 403 allows a court to exclude relevant evidence because of unfair prejudice, while Rule 404 discusses when a court can admit character evidence. TEX. R. EVID. 403, 404. Timms did not object to Jefferson's testimony under Rule 405(a), which relates to a witness's qualifications to testify regarding the character or character trait of an accused at the guilt stage of a trial. TEX. R. EVID. 405(a)(2) ("... a witness may testify to the defendant's character ... only if before the day of the offense, the witness was familiar with the defendant's reputation or the facts or information that form the basis of the witness's opinion."). Because the legal basis of her complaint on appeal, that Jefferson's testimony was inadmissible pursuant to Rule 405(a), varies from the complaint she made at trial, the issue has not been preserved for appeal. *See Lovill*, 319 S.W.3d at 691–92. We overrule Timms's third issue.

## Conclusion

We affirm the judgment of the trial court.


Michael Massengale
Justice

Panel consists of Justices Bland, Massengale, Lloyd.

Do not publish. Tex. R. App. P. 47.2(b).